**Richard DYCUS, Plaintiff,**

v.

**LIBBEY–OWENS–FORD CO., et al., Defendant.**

**No. 3:98 CV 7718.**

United States District Court, N.D.Ohio, Western Division.

June 16, 1999.

830

Francis J. Landry, Wasserman, Bryan, Landry & Honold, Toledo, OH, for Richard Dycus, plaintiff.

Richard Dycus, Oregon, OH, pro se.

Scott G. Deller, Fuller & Henry, Toledo, OH, Donald M. Mewhort, Jr., Shumaker, Loop & Kendrick, Toledo, OH, for Libbey–Owens–Ford Co, defendant.

Thomas P. Powers, Powers & Lewis, Washington, DC, Charles R. Armstrong, Sr., United Rubber, Cork, Linoleum & Plastic Workers Of America, Akron, OH, Joseph J. Allotta, Marilyn L. Widman, Allotta & Farley, Toledo, OH, for Aluminum, Brick and Glass Workers International Union, AFL—CIO, CLC and Local 9G Aluminum, Brick & Glass Workers International Union, AFL–CIO, CLC, Rossford, defendants.

### MEMORANDUM OPINION

KATZ, District Judge.

This matter is before the Court on the separate motions of Defendant Libbey-Owens Ford Co. ("LOF") and Defendants Aluminum, Brick and Glass Workers International Union, AFL—CIO, CLC and Aluminum, Brick and Glass Workers International Union, AFL—CIO, CLC, Rossford, Local 9G ("the Unions") to dismiss. For the following reasons, LOF's motion will be granted, although Plaintiff's claim against LOF will be dismissed without prejudice to refiling in the appropriate state forum. The Unions' motion to dismiss will be granted on the merits.

### BACKGROUND

Prior to June 1, 1998, Plaintiff was employed by Defendant LOF. LOF and the Defendant Unions were signatories to a collective bargaining agreement ("CBA") which expired on April 30, 1998. LOF and the Unions were not immediately able to negotiate the terms of a new CBA, and the Unions went on strike on May 22, 1998.

On June 1, 1998, while LOF and the Unions were negotiating the terms of a new contract, Plaintiff retired. Plaintiff alleges that at the time of his retirement, the defendants were in the process of negotiating a special thirty-year retirement agreement under which he would be eligible to receive $1,315.00 in retirement benefits per month, and that LOF represented to him in writing that he would receive that amount of retirement benefits.

The Defendants ultimately negotiated a thirty-year retirement agreement that would have provided Plaintiff with the claimed benefits, but the extra benefits were available only to employees who retired after July 1, 1998, the effective date of the new CBA. Since Plaintiff retired before July 1, 1998, he was not eligible for the increased benefits.

Plaintiff brought this hybrid action against LOF and the Unions under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, claiming (1) that the Union breached its duty to protect his interest in increased pension benefits during the contract negotiation process, and (2) that he retired on June 1, 1998 in reliance on LOF's written promise to pay him special thirty-year retirement benefits, and that LOF breached that promise.

The Defendants have filed separate motions to dismiss. The Unions argue that they owed Plaintiff no duty to negotiate in his behalf at the time the new CBA was signed because he was not a member of the bargaining unit at that time. LOF argues (1) that Plaintiff cannot sue it because he can prevail on a hybrid claim only if he can show that both the Unions and LOF breached a duty they owed Plaintiff, and the Unions cannot be liable to Plaintiff, and (2) that LOF never represented to Plaintiff that he would be eligible for enhanced benefits, because the special thirty-year retirement agreement that was later incorporated into the CBA was still under negotiation. The Court discusses the parties' contentions below.

### DISCUSSION

*A. Motions to Dismiss*

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b), the function of the Court is to test the legal sufficiency of the complaint. In scrutinizing the complaint, the Court is required to accept the allegations stated in the complaint as true, *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984), while viewing the complaint in a light most favorable to the

plaintiff, *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir.1976). The Court is without authority to dismiss the claims unless it can be demonstrated beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Westlake, supra,* at 858. *See generally* 2 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE, § 12.34[1] (3d ed.1997).

## B. Defendant Unions' Motion to Dismiss

■ The Defendant Unions have moved to dismiss on the ground that they owed Plaintiff no duty to negotiate in his behalf at the time the new CBA was signed because he was not a member of the bargaining unit at that time. It is well settled that retirees are not "employees" for purposes of determining a union's collective-bargaining obligations and the union is under no statutory duty to represent them in negotiations with the employer. *Allied Chem. & Alkali Workers of Am., Local Union No. 1 v. Pittsburgh Plate Glass Co.,* 404 U.S. 157, 172, 92 S.Ct. 383, 30 L.Ed.2d 341 (1971).

■ Plaintiff does not dispute that the Unions had no duty to represent his interests if he was retired at the time of the contract negotiations. He argues, however, that the Court should treat him as being a current member of the bargaining unit until the date on which the Unions and LOF agreed to the new contract terms, because the Unions were on strike at the time.

Plaintiff's argument is unconvincing. When Plaintiff retired, he ceased to be a member of the bargaining unit, regardless of whether he was on strike at the time. The date on which Plaintiff retired is the date on which the Unions ceased to owe him a duty of representation. Therefore, the Unions' motion to dismiss must be granted.

## C. Defendant LOF's Motion to Dismiss

■ The situation is different with regard to Defendant LOF. Although a bargaining-unit employee can bring a hybrid claim against both his union and his employer only if he can demonstrate a breach on the part of the union, *Chauffeurs, Teamsters and Helpers Local No. 391 v. Terry*, 494 U.S. 558, 563–64, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990), a retiree may bring a claim directly against his employer for breach of an employment agreement, *International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America v. Yard–Man, Inc.*, 716 F.2d 1476, 1484–85 (6th cir.1983). Since Plaintiff is a retiree rather than a bargaining-unit employee, he may bring a direct claim against LOF if the allegations of his complaint establish the basis for such a claim.

■ In this case Plaintiff alleges in his complaint that LOF represented to him that he would receive the higher retirement benefits that were being negotiated for the new CBA, and that he retired on June 1, 1998 in reliance on that representation. His complaint can fairly be read as indicating that in the absence of such a representation he would have delayed his retirement until the new agreement was reached. As such, Plaintiff has stated a claim for promissory estoppel. It does not matter that Plaintiff did not style his promissory estoppel claim as such in his complaint; under the liberal notice-pleading rules of Fed.R.Civ.P. 8(a), Plaintiff need only provide a "short and plain statement of the claim showing that [he] is entitled to relief." Plaintiff has done so. Therefore, LOF is not entitled to dismissal of this action on the ground that Plaintiff's complaint fails to state a claim upon which relief can be granted.

■ Having determined that Plaintiff has sufficiently stated a claim upon which relief can be granted against Defendant LOF, the Court must address the issue of whether it has subject matter jurisdiction

over a former bargaining-unit member's claim against his employer for breach of the terms of a CBA, where that claim arises as a matter of promissory estoppel, rather than out of the CBA itself. Although the parties have neither raised nor briefed the issue of subject matter jurisdiction, the Court has a continuing obligation to inquire into the basis of subject matter jurisdiction and to satisfy itself that such jurisdiction exists. *Campanella v. Commerce Exch. Bank,* 137 F.3d 885, 890 (6th Cir.1998).

Section 301 of the LMRA confers subject matter jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Plaintiff's claim in this case is not that his employer breached a CBA, since Plaintiff admits that the CBA by its own terms does not provide him enhanced retirement benefits. Rather, Plaintiff alleges that his employer induced him to retire in reliance on a representation that he would receive the benefits of the CBA, and then reneged on that promise. Thus, Plaintiff is bringing a common-law promissory estoppel claim, rather than a claim for breach of a CBA. The issue the Court must decide is whether Plaintiff's promissory estoppel claim is so closely intertwined with the CBA that the Court is justified in treating it as a suit for violation of a contract between an employer and a labor organization.

■ The Supreme Court has held that the LMRA not only provides federal subject matter jurisdiction over controversies directly involving collective bargaining agreements, but also "authorizes federal courts to fashion a body of federal law for the enforcement of these collective bargaining agreements." *Textile Workers v. Lincoln Mills,* 353 U.S. 448, 451, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). Collective bargaining agreements must be construed under federal law because:

the subject matter of [the LMRA] is peculiarly one that calls for uniform law.... The possibility that individual contract terms might have different meanings under state and federal law would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements.... The ordering and adjusting of competing interests through a process of free and voluntary collective bargaining is at the keystone of the federal scheme to promote industrial peace. State law which frustrates the effort of Congress to stimulate the smooth functioning of that process thus strikes at the very core of federal labor policy.... We cannot but conclude that in enacting [the LMRA] Congress intended doctrines of federal labor law uniformly to prevail over inconsistent local rules.

*Local 174, Teamsters, Chauffeurs, Warehousemen and Helpers of America v. Lucas Flour Co.,* 369 U.S. 95, 103–04, 82 S.Ct. 571, 7 L.Ed.2d 593. Thus, federal law preempts all state-law claims that require the interpretation of a CBA for their disposition. *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 413, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988); *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 211, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985).

■ Not every dispute that involves a provision of a CBA is preempted, however. *Allis–Chalmers,* 471 U.S. at 211, 105 S.Ct. 1904. When the meaning of the CBA is not at dispute, the mere fact that a CBA will be consulted in the course of the litigation is not sufficient to form a basis for federal subject matter jurisdiction. *Livadas v. Bradshaw,* 512 U.S. 107, 122, 124, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994). Where the CBA is relevant only to determine the amount of damages to which the employee would be entitled to recover if he prevailed, and that amount is not in dispute, there is no federal subject matter jurisdiction. *Id.* at 124–125, 114 S.Ct. 2068.

■ In the instant dispute, the CBA is irrelevant, beyond the need to refer to the bargained-for enhanced pension benefits in computing the amount to which Plaintiff would be entitled if he prevails on the

merits of his claim. The terms of the CBA are not at issue. The issue is whether LOF represented to Plaintiff that he would be entitled to enhanced benefits under the terms of the new CBA even if he retired before that CBA came into effect. Therefore, there is no federal preemption, and this Court lacks jurisdiction to decide Plaintiff's state-law claim.

### CONCLUSION

For the foregoing reasons, the motion to dismiss of Defendants Aluminum, Brick and Glass Workers International Union, AFL—CIO, CLC and Aluminum, Brick and Glass Workers International Union, AFL—CIO, CLC, Rossford, Local 9G (Doc. No. 7) is granted on the merits for failure to state a claim upon which relief can be granted. Plaintiff's claim against the Defendant Unions is dismissed with prejudice.

The motion to dismiss of Defendant Libbey–Owens Ford Co. (Doc. No. 12) is granted for lack of subject matter jurisdiction. Plaintiff's claim against Defendant LOF is dismissed without prejudice to refiling in the appropriate state forum.

IT IS SO ORDERED.